William C. Halsey (SBN 71090)
Wm. Lionel Halsey (SBN 227868)
Law Offices of William C. Halsey
2424 Vista Way, Suite 320
Oceanside, CA 92054
Tel. (760) 721-3839
Fax (760) 721-2533
Halseyesq@aol.com

Attorney for Plaintiffs
Paul & Dianne Lawrence

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LAWRENCE, an individual, & DIANNE LAWRENCE, an individual<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, as a sovereign federal governmental entity; ARROW INTERNATIONAL, INC., a North Carolina Corporation; CAREFUSION CORPORATION, a Delaware Corporation; B.BRAUN MEDICAL, INC., a Pennsylvania Corporation; and DOES 1-100, inclusive<br><br>Defendants | Case No. 13cv0293-W (KSC)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. Negligence;<br><br>2. Professional Negligence (medical malpractice)<br><br>3. Products Liability / Negligence |

Comes Now, Plaintiffs Paul Lawrence and Dianne Lawrence, by and through their attorneys of record, The Law Offices of William C. Halsey, by William C. Halsey and Wm. Lionel Halsey and allege and complain as follows:

FIRST AMENDED COMPLAINT FOR DAMAGES
Page 1

## I.

## GENERAL ALLEGATIONS

1. Jurisdiction and venue of this lawsuit are proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1346, et. seq., because at all times relevant hereto, the substantial part of the events acts or omissions giving rise to the liability of these defendants occurred in San Diego County, California.

2. Plaintiffs Paul Lawrence and Dianne Lawrence submitted a timely claim under the Federal Tort Claims Act on July 19, 2012, which the Department of Veterans Affairs, an agency of the Untied States of America, confirmed receipt on July 26, 2012. The Department of Veterans Affairs did not reject the claim in a timely fashion. Plaintiffs Paul Lawrence and Dianne Lawrence have therefore complied with the Federal Tort Claims Act requirements.

3. At all times herein, Plaintiffs Paul Lawrence and Dianne Lawrence were individuals and resided in San Diego County, California at the time the events giving rise to the lawsuit commenced. Additionally, at all times herein, Plaintiffs Paul and Dianne Lawrence were husband and wife.

4. At all times herein the Department of Veteran's affairs was a federal agency of the United States of America and was operating in San Diego County, California, through in part its agents Does 1-100.

5. Plaintiffs Paul Lawrence and Dianne Lawrence are truly ignorant of the true names and capacities of Does 1 through 100, inclusive and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability. These defendants were agents, servants, and employees of each other and were acting at all times within the full course and scope of their agency ane employment and with the full knowledge and consent, either expressed or implied of their principal and / or employer and each of the other named defendants, including but not limited to the Department of the Veteran's Affairs, had proved or ratified actions of the other defendants thereby making the currently named defendants herein liable for the acts and / or omissions of their agents, servants and or

employees.

## II.

## GENERAL FACTS GIVING RISE TO ALL CAUSES OF ACTION

6. On February 1, 2012, Plaintiff Paul Lawrence was admitted to the Veteran's Hospital in San Diego, California for open heart surgery. The Veteran's Hospital in San Diego is operated by the Department of Veteran's Affairs and the nurses and doctors working at the hospital are employees of the Department of Veteran's Affairs. Additionally, some persons working at the Department of Veteran's Affairs may have been DOE Defendants.

7. On February 2, 2012, while undergoing open heart surgery at the Veteran's Hospital, an interjugular catheter was placed in Plaintiff Paul Lawrence's neck. From the medical records provided, it is not clear who placed the catheter in Plaintiff Paul Lawrence's neck.

8. On February 6, 2012, while recovering from open heart surgery, Plaintiff Paul Lawrence was being assisted up by nurse Ahley Eischeid, an employee of the Department of Veteran's Affairs, when the TKO (to keep open) line became disconnected from Plaintiff Paul Lawrence's interjugular catheter.

9. As a result of TKO line becoming disconnected on February 6, 2012, air entered Plaintiff Paul Lawrence's jugular causing his heart to stop beating and an air embolism in his brain. Mr. Lawrence was resuscitated, but suffered permanent brain damage as a result of the incident.

## III.

### FIRST CAUSE OF ACTION

### Negligence

### [Against United States of America and Does 1-100]

Plaintiffs Paul Lawrence and Dianne Lawrence hereby reallege paragraphs 1 through 9 of this Complaint and incorporate herein by reference.

10. Defendants United States of America and Does 1-100 had a duty to act reasonably to prevent harm to Plaintiff Paul Lawrence.

11. Defendants United States of America and Does 1-100 were negligent by causing / allowing the TKO line to become disconnected from the interjuglar catheter in Plaintiff Paul Lawrence's neck on February 6, 2012. Furthermore, the TKO line could not have become disconnected from Plaintiff Paul Lawrence's neck absent negligence on the part of Defendants.

12. Defendants United States of America and Does 1-100's negligence foreseeably, actually, and proximately caused Plaintiffs Paul Lawrence and Dianne Lawrence to suffer general and special damages including but not limited to emotional distress, loss of consortium, humiliation, fear, pain, suffering, damage to reputation, economic damages, medical expenses, future medical expenses, loss of income, loss of future income and further damages according to proof at time of trial.

## IV.

### SECOND CAUSE OF ACTION

**Professional Negligence (Medical Malpractice)**

**[Against United States of America and Does 1-100]**

Plaintiffs Paul Lawrence and Dianne Lawrence hereby reallege paragraphs 1 through 12 of this Complaint and incorporate herein by reference.

13. Defendants United States of America and Does 1-100 were medical professionals and medical care providers who failed to use the level of skill, knowledge and care that other reasonably careful medical professionals and medical providers would use in similar or same circumstances while providing treatment to Plaintiff Paul Lawrence on February 6, 2012.

14. As a proximate result of the negligence, carelessness, recklessness, and unlawfulness of Defendants United States of America and Does 1-100, and each of them, Plaintiff Paul Lawrence's interjugular catheter became disconnected from his TKO Line

1  causing a heart attack and brain damage.

2  15. Defendants United States of America and Does 1-100's negligence foreseeably, actually, and proximately caused Plaintiffs Paul Lawrence and Dianne Lawrence to suffer general and special damages including but not limited to emotional distress, loss of consortium, humiliation, fear, pain, suffering, damage to reputation, economic damages, medical expenses, future medical expenses, loss of income, loss of future income and further damages according to proof at time of trial.

## V.

## THIRD CAUSE OF ACTION

### Products Liability / Negligence

**[Only Against Arrow International Inc., Carefusion Corporation, and B. Braun Medical Inc.]**

Plaintiffs Paul Lawrence and Dianne Lawrence hereby reallege paragraphs 1 through 15 of this Complaint and incorporate herein by reference.

16. On or about February 6, 2012, Plaintiff Paul Lawrence was injured by the following products: 1. Cordis, Part No. Arrrow-NR-09903-5 by Arrow International; 2. Alaris Smart Site Infusion Set, Part No. 2426-0007 by Carefursion Corporation; and 3. Discofix 4-way Stopcock, D500, Part No. 456020 by B. Braun Medical Inc.

17. Defendants Arrow International, Inc., Carefusion Corporation, and B. Braun Medical, Inc. knew the products would be purchased and used without inspection for defects. The products were defective when they left control of each Defendant respectively.

18. At the time of Plaintiff Paul Lawrence's injury as alleged herein, the products were being used in the manner intended by the Defendants each respectively.

19. At the time of Plaintiff Paul Lawrence's injury as alleged herein, the products were being used in a manner that was reasonably foreseeable by the Defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

20. Plaintiff was a purchaser of the products, a bystander to use the products, and

1 a user of the products.

2     21.    Defendants Arrow International, Inc., Carefusion Corporation, and B. Braun Medical, Inc. each manufactured, designed and manufactured component parts, and/or sold the following products to the public: 1. Cordis, Part No. Arrrow-NR-09903-5 by Arrow International; 2. Alaris Smart Site Infusion Set, Part No. 2426-0007 by Carefursion Corporation; and 3. Discofix 4-way Stopcock, D500, Part No. 456020 by B. Braun Medical Inc. Defendants are strictly liable for the injury proximately caused to Plaintiff Paul Lawrence as alleged herein by virtue of their manufacturing, designing and selling the products.

    22.    Defendants Arrow International, Inc., Carefusion Corporation, and B. Braun Medical, Inc. each owed a duty to Plaintiff Paul Lawrence. Defendants' were negligent and breached their duty to Plaintiff Paul Lawrence proximately causing his injury as alleged herein.

    23.    Defendants Arrow International, Inc., Carefusion Corporation, and B. Braun Medical, Inc. each breached the implied and express warranties regarding their products each respectively. Defendants breach of implied and express warranty proximately caused injury to Plaintiff Paul Lawrence as alleged herein.

    24.    Defendants Arrow International, Inc., Carefusion Corporation, and B. Braun Medical, Inc. actions as alleged herein foreseeably, actually, and proximately caused Plaintiffs Paul Lawrence and Dianne Lawrence to suffer general and special damages including but not limited to emotional distress, loss of consortium, humiliation, fear, pain, suffering, damage to reputation, economic damages, medical expenses, future medical expenses, loss of income, loss of future income and further damages according to proof at time of trial.

## VI.

## PRAYER FOR RELIEF

Plaintiffs Paul Lawrence and Dainne Lawrence pray for relief as follows:

    25.    For all causes of action, Plaintiffs Paul Lawrence and Dainne Lawrence requests as follows: (1.) General damages, including but not limited to emotional distress,

pain, suffering and loss of consortium, according to proof at trial; (2) Special damages, including but not limited to economic damages and medical expenses, according to proof at trial; (3) Costs of suit herein; and Any other relief the Court deems just.

## VII.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

Respectfully Submitted:

Dated: 1/21/14

Wm. Lionel Halsey
Attorney for Plaintiffs Paul Lawrence & Dianne Lawrence